**Tracie CLAY, Appellant,**

v.

**TEXAS DEPARTMENT OF HUMAN RESOURCES, Appellee.**

No. 10–87–222–CV.

Court of Appeals of Texas, Waco.

April 7, 1988.

Kent McGuire, Waxahachie, for appellant.

Ronald E. Bunch, Jenkins, Jenkins & Bunch, Waxahachie, attorney ad litem.

Mary Lou Shipley, Dist. Atty., Gerry Williams, Asst. Dist. Atty., Waxahachie, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by Tracie Clay (mother) from judgment of the trial court terminating the parent-child relationship between her and her three children Kevin Clay II, Patricia Clay and Jeremy Clay, and naming the Texas Department of Human Services as managing conservator of the children (and decreeing the Department permission to place the children for adoption). The attorney ad litem, Honorable Ronald Bunch, appointed by the trial court to represent the best interest of the three children, joined appellant in her appeal.

The Department filed this suit for termination against Tracie Clay (mother) and Kevin Clay, Sr. (father of the children). The trial court dismissed the case against the father because of lack of proper service of citation.

The case was tried before the court which found the parental rights of the mother should be terminated because: (1) she endangered the physical or emotional well-being of the children, and (2) it was in the best interest of the children.

Appellant mother, and the attorney ad litem representing the children, appeal contending:

1. There is no evidence or insufficient evidence to support the trial court's finding that appellant:

   (a) Knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children; and

   (b) Engaged in conduct which endangered the physical or emotional well-being of the children.

2. There is no evidence or insufficient evidence to support the trial court's finding that termination of parental rights between appellant and her children would be in the best interest of the children.

In December 1983, the Department of Human Services (DHS) received a report of suspected child abuse and neglect at appellant's home in Ennis. Appellant lived there

with her husband Kevin Clay, Sr. and their three children Kevin II, Patricia and Jeremy, whose ages at that time were 4, 2 and 1. The DHS caseworker found a burn on Patricia's arm and diaper rash on Jeremy. Both children were taken to a physician for treatment and released. The cause of the burn was never learned, but indications were that it came from contact with the grill of a heater. Appellant was not at home at the time of the incident but expressed the belief the burn might have been caused by her husband. In January 1984, DHS began providing protective daycare for the two older children at a daycare center in Ennis. On January 12, 1984, appellant asked DHS for help because she had been abused by her husband. DHS arranged to have appellant admitted to a shelter for battered women in Fort Worth. The group voluntarily returned home after 8 days. DHS then continued to provide services, arranging for counseling for appellant with Dr. Oller, a psychologist. Dr. Oller saw appellant twice in March 1984. His conclusion was that appellant cared for her children but was having difficulty meeting their needs. He observed no tendency in appellant for violence toward the children. On April 22, 1984, appellant contacted DHS for assistance saying her husband had beaten her and that her children were not safe in his presence. As a result of this, the court named DHS temporary managing conservator and placed the children in foster care. The court ordered each parent to pay child support, to establish a stable work record, to stay sober and drug free, and to submit to counseling. The DHS was ordered to continue its investigation of the couple's parenting skills with the intent to restore the children to them. Shortly thereafter appellant and her husband separated. DHS's last contact with the father was in September 1984, and appellant last saw her husband in April 1985.

During the three years since DHS was granted temporary custody, appellant has paid all child support as ordered and has visited with the children as permitted by the court. When Kevin II was hospitalized for a tonsilectomy appellant stayed at the hospital with him. Appellant attended almost all counseling sessions made available to her. There is no evidence that appellant took alcohol or drugs during this period. Appellant worked at several jobs and was never unemployed for more than a week. Many of her jobs were as a waitress. She had some 25 different addresses during the period. At the time of trial appellant had steady employment (40 hours per week) which she believed offered opportunity for increases in pay and advancement, working for Tri–County Electric in Mabank, Texas.

One year into the conservatorship DHS decided to recommend termination of parental rights of both parents based on a service plan prepared by DHS. The plan consisted of various criteria including visitation, support, and stability in the parents' lives. The case against the father was dismissed for lack of proper citation.

The trial court found appellant knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children; engaged in conduct which endangered the physical or emotional well-being of the children; and that termination of parental rights of appellant would be in the best interest of the children. The trial court then decreed termination.

There is no evidence that appellant has ever physically abused her children or engaged in any conduct in her children's presence that endangered their physical or emotional well-being. Appellant testified she is getting a divorce from her husband and will not go back to him. A DHS caseworker testified appellant had allowed her children to remain with her husband (while she and her husband were living together) and that appellant did not take the children to the doctor for treatment of the burn and diaper rash.

■ The natural right which exists between parents and their children is one of constitutional dimensions. *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15. Termination proceedings should be strictly scrutinized and involuntary termination statutes strictly construed

in favor of the parent. *Holick v. Smith,* Tex., 685 S.W.2d 18. And, a termination of parental relationship requires clear and convincing proof. *In the Interest of G.M.,* Tex., 596 S.W.2d 846.

■ Involuntary termination of the parent-child relationship may not be based solely on determination of best interest of the child under Section 15.02 of the Texas Family code. *Wiley v. Spratlan,* Tex., 543 S.W.2d 349. In addition to the best interest of the child, one or more acts or omissions under subdivision 1, Article 15.02 of the Family Code must be proved.

■ Appellant poses no danger to her children. The danger came from the father. Appellant is guilty of nothing more than suffering from some of life's misfortunes. She did not work at one place nor live at one place long enough to satisfy the DHS.

■ The court's findings are not supported by clear and convincing evidence that appellant knowingly placed or allowed her children to remain in an environment which endangered their physical or emotional well-being, or that she placed them with persons whose conduct endangered their physical or emotional well-being. To the contrary, the evidence shows she made every effort to comply with the court's orders and DHS's requirements. She visited her children regularly and paid all required child support. The harsh and irrevocable remedy of termination is not justified where a parent's failure to provide the desirable degree of care and support of the children is due solely to lack of intelligence, training or misfortune. *Matter of R.E.W.,* CA, (Houston [1st Dist.]) NRE, 545 S.W.2d 573.

Appellant's point 1 is sustained and the attorney ad litem's points 1 and 2 are sustained. The judgment of the trial court is reversed and judgment here rendered denying termination of appellant's parent-child relationship to her children.

REVERSED & RENDERED.