No. 04-01-00612-CV



IN THE INTEREST OF O.Z. and J.P., Children,





From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 2000-PA-01785


Honorable David Peeples, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: August 28, 2002


AFFIRMED

 Virginia Salas appeals the trial court's decree terminating her parental rights to her
two children, O.Z. and J.P. We affirm the judgment of the trial court.

Background

 On November 3, 2000, following an investigation of domestic abuse in their home,
O.Z. and J.P. were removed to the custody of the Texas Department of Protective and
Regulatory Services (TDPRS). The removal was precipitated by a fight between the
children's mother, Virginia Salas, and her companion, a Ms. Melo. Upon questioning by the
case worker, Salas admitted that she had cut herself on the arm with a knife out of anger over
the fight and that Ms. Melo had broken the windows in the house. TDPRS had received
numerous prior referrals on the children, five of which were validated for abuse of the
children. The latest incident occurred just sixty days after Salas completed an eight month
family preservation program by TDPRS.

 The State filed its Amended Petition for termination of parental rights on November
22, 2000, and a bench trial was conducted on August 30 and 31, 2001. Following extensive
testimony, the trial court concluded that grounds exist for termination of Salas's parental
rights. The trial court also concluded termination is in the best interest of the children. Salas
does not challenge the trial court's finding of grounds for termination, but argues the
evidence is factually insufficient to support the finding that termination is in the best interest
of the children.

Standard of Review

 Termination of parental rights is a drastic remedy, involving fundamental
constitutional rights. In re G. M., 596 S.W.2d 846, 847 (Tex. 1980). However, "[w]hile
parental rights are of constitutional magnitude, they are not absolute." In the Interest of C.
H., No. 00-0552, 2001 WL 1903109, at *9 (Tex. 2002). "[I]t is essential that the emotional
and physical interests of the child not be sacrificed merely to preserve [the parental] right."
Id. Accordingly, we review termination findings under a clear and convincing standard. Id.
at *8. Viewing the facts in the light most favorable to the factfinder's conclusions, we look
to see if the evidence "is such that a factfinder could reasonably form a firm belief or
conviction about the truth of the State's allegations." Id. 

Discussion

 In this case, there is testimony of Salas's long standing problems with alcohol and
drug abuse. Salas has convictions for manufacture and delivery of a controlled substance and
injury to a child, and several additional arrests for disorderly conduct and misdemeanor
assault. Case workers, counselors, and Salas's probation officer testified that Salas was
initially doing well on her programs but approximately a month before the final hearing, she
missed several sessions of her family counseling and her individual counseling. She did not
complete her Family Service Plan, her parenting classes, or her out-patient drug treatment.
Salas's counselor was unable to verify that Salas was still attending her AA or NA meetings.
Salas, who has been diagnosed with intermittent explosive disorder and depression, stopped
taking her prescribed medication. Salas blamed her failure to attend meetings on a lack of
money for a bus pass; however, other testimony suggests lack of money was not the true
reason for Salas's failure to complete her programs.

 Both children had been physically injured in the past. O.Z. reported sexual abuse by
a visitor in the home and both children acted out in inappropriate sexual behaviors. Given
the family's eight year history of repeated referrals to TDPRS, Salas's involvement in violent
altercations, and Salas's apparent inability to conform her behavior over an extended period
of time, the evidence is factually sufficient to support the trial court's finding that
termination is in the best interest of the children.

Conclusion

 Because the evidence is such that the trial court could have reasonably formed a firm
belief or conviction that termination of Salas's parental rights is in the best interest of the
children, we affirm the judgment of the trial court.


 Paul W. Green, Justice

Do Not Publish