94 S.W.3d 306 (2002)
In the Interest of C.D.B., A Child.
No. 13-01-492-CV.
Court of Appeals of Texas, Corpus Christi-Edinburg.
December 5, 2002.
*307 Gary Harold Gatlin, Jasper, for appellant.
Joe Glenn Kahla, Seale, Stover, Bisbey & Morian, Jasper, for appellee.
Before Justices DORSEY, RODRIGUEZ, and WITTIG.[1]

OPINION
Opinion by Justice DON WITTIG (Assigned).
David Albert Bailey appeals the termination of his parental rights. In two issues, he challenges the legal and factual sufficiency of the adverse findings by the trial court. We affirm.

I
The marriage of appellant, David Albert Bailey, and appellee, Pamela Kerr produced one offspring, C.D.B., born July 17, 1991. The couple was divorced in Louisiana in 1996. Appellee remarried, and the child spent most all of his time with his new step-father and almost no time with appellant. Appellant paid about $1200 *308 support in the five years post divorce, lived in another city, and rarely saw his son. Appellant blamed his lack of contact with his son on the assertion he did not know where his son was physically located. Because he could not see the child, appellant did not pay child support. Appellee, on the other hand, was quoted as saying as long as she was not receiving support, appellant could not see his child. Termination proceedings were instituted in January 2000, and the termination of appellant's parental rights was granted by a decree signed in March 2001.[2] Further factual background will be developed in our sufficiency review.

II
The natural right existing between a parent and child is one of constitutional dimensions. Santosky v. Kramer, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (holding that the parent-child relationship is "far more precious than any property right"). Therefore, the involuntary termination of parental rights interferes with fundamental constitutional rights. Holick v. Smith, 685 S.W.2d 18, 20 (Tex.1985); In re G.M., 596 S.W.2d 846, 846 (Tex.1980). Involuntary termination proceedings must be strictly scrutinized in favor of preserving the relationship. Holick, 685 S.W.2d at 20. In light of the grave nature of the proceedings and the constitutional rights implicated, the Texas Supreme Court adopted the clear and convincing standard of proof for the trial of actions seeking termination of parental rights. In re G.M., 596 S.W.2d at 847. Later, the requirement of clear and convincing evidence to support termination was codified in the Family Code. Tex. Fam. Code Ann. §§ 161.001, 161.206(a) (Vernon 1996). "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. Tex. Fam.Code Ann. § 101.007 (Vernon 1996).
In 2000, the Texas Supreme Court recognized that a higher standard of appellate review was mandated by federal law where rights of constitutional dimension were implicated, namely free speech. Turner v. KTRK Television, Inc., 38 S.W.3d 103, 120 (Tex.2000). The Turner court stated:
Federal constitutional law dictates our standard of review on the actual malice issue, which is much higher than our typical "no evidence" standard of review.... Under this standard, we must independently consider the entire record to determine whether the evidence is sufficient to cross the constitutional threshold that bars the entry of any judgment that is not supported by clear and convincing proof of "actual malice."
Id. (quoting Bose Corp. v. Consumers Union, 466 U.S. 485, 510-11, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984) (other citations omitted)). In 2002, our highest court addressed factual sufficiency appellate review under both federal constitutional guarantees and the Family Code. It concluded "that the appellate standard for reviewing termination findings is whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." In re C.H., 45 Tex. Sup.Ct. J. 1000, 89 S.W.3d 17, 25 (2002).
The heightened protection for these fundamental rights would be rendered meaningless if a termination judgment were erroneously rendered at trial based upon less than clear and convincing evidence, but the reviewing court was required *309 to affirm if there was merely "some evidence" meeting the preponderance standard. Logic dictates that the constitutional and legislative requirements apply not only at the trial level but also at the appellate level. In re C.H., 89 S.W.3d at 25 (citing In re K.R., 22 S.W.3d at 97 (Wittig, J., concurring)). Given this development of the law, we inexorably conclude that the third or intermediate "heightened" appellate review applies both to a legal sufficiency review, Turner, 38 S.W.3d at 120, and factual sufficiency review. In re C.H., 89 S.W.3d at 24-25. In reviewing a legal sufficiency challenge, we consider all of the evidence in a light most favorable to the party in whose favor the verdict was rendered and indulge every reasonable inference in that party's favor. See Associated Indem.Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex.1998); see also In re H.R., 87 S.W.3d 691, 696 (San Antonio, 2002, no pet. h.).[3] The proof and inferences must be such that "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." See In re C.H., 89 S.W.3d at 25. Under legal sufficiency, we also determine whether or not the contrary proposition is established as a matter of law. See Dow Chemical Co. v. Francis, 46 S.W.3d 237, 241 (Tex.2001).
Section 161.001 of the Texas Family Code governs the involuntary termination of the parent-child relationship. Under that section, a court may order termination of the parent-child relationship if it finds by clear and convincing evidence one or more of the statutory ground set out in section 161.001(1), and determines that termination is in the best interest of the child as required by section 161.001(2). Tex. Fam.Code Ann. § 161.001. We determine the legal and factual sufficiency focusing upon whether a reasonable jury could form a firm conviction or belief on the two prong elements for termination, while at the same time retaining the deference an appellate court must have for the factfinder's role. In re C.H., 89 S.W.3d at 26. We should not reverse the judgment unless the factfinder could not reasonably have formed a firm conviction or belief that terminating appellant's rights was in C.D.B.'s best interest or that the other statutory grounds could not have been similarly found. Id. The absence of some of the Holley factors does not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest, depending upon the evidence. Id. (particularly where the relationship endangers the safety of the child); Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex.1976). Paltry evidence relevant to the Holley factors, would not suffice to uphold a termination finding. In re C.H., 89 S.W.3d at 27.

III
Our legal sufficiency reviews first notes that section 161.001(1)(F) of the Texas Family Code provides for involuntary termination of the parent child relationship when a parent fails to support *310 the child in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition. See Tex. Fam.Code Ann. § 161.001(1)(F). Appellant does not challenge this first element on the necessary termination findings. And indeed the evidence is more than ample to establish appellant's lack of support. Rather, he specifically challenges the second required element, arguing a lack of clear and convincing evidence that termination is in the best interest of C.D.B. We believe the evidence is legally sufficient because, considering the evidence that supports the finding, the factfinder could reasonably have formed a firm conviction or belief that terminating appellant's rights was in C.D.B.'s best interest. In re C.H., 89 S.W.3d at 25-26; Turner, 38 S.W.3d at 120. First, the finding of lack of support is not challenged. Additionally, testimony adduced showed appellant did not have a relationship with his son. In fact, appellant admitted at trial he wanted to "establish" a relationship with C.D.B. The child had a relationship with his step-father and called him "Dad." The child knew his step-father as his father, and did not know appellant as his father. Appellant failed to see the child for several years, prior to the termination action. Even though appellant's parents lived in the same town as the child's mother's parents, appellant made little or no effort to locate and see his son. Appellant did not live in the same house as the child for nearly seven years. Other than one or two birthdays and a Christmas/New Years holiday, there was scant evidence appellant attended the physical, emotional, or parental needs of the boy. Holley, 544 S.W.2d at 372. Appellant failed to obtain a social study to address material concerns for the welfare of the child, and testimony was evoked that appellant had shown no interest in the child. Accordingly, we find there is evidence to support the finding by the intermediate clear and convincing standard and the contrary proposition is not established as a matter of law. Dow Chemical Co., 46 S.W.3d at 241. Appellant's first issue is overruled.

IV
In reviewing the factual sufficiency of the trial court's finding that termination of appellant's parental rights are in the child's best interest, we will additionally review the evidence that would indicate that the factfinder could not reasonably have formed a firm conviction or belief that terminating appellant's rights was in C.D.B.'s best interest. We also determine whether the finding is so against the great weight of the evidence that it is clearly wrong and unjust. Id. at 242. The evidence contrary to the verdict raises some questions. Appellant testified that it was difficult to locate his son. His former mother-in-law was not helpful in locating the physical address of the child, and the post office box he had for contact, turned out at trial to be that of the step-father, Mr. Kerr. Kerr and appellee actually lived fifty miles away from the post office box and had moved several times in the intervening years. During 1996 and 1997, appellant testified his only means of attempting to locate his son was through the maternal grandmother; she did not help appellant on his several attempts to contact the child. In 1999, appellant attempted to send birthday and Christmas gifts to his son. In 1998 appellant attempted to mail a birthday gift. And in July 2000, appellant sent a birthday gift. Several photographs depicted a 1999 Christmas meeting between appellant and the child. According to appellant's argument, the photos show "that the child had *311 no fear" of appellant. A letter from appellee stated "if you want to have contact with [C.D.B.] like you say you do, you will send money regularly." And appellant contended he did not pay regular support because he could not see his child.
While the evidence against the verdict certainly raised some question whether appellant could be given yet further opportunity to "establish" a relationship with his boy, we cannot say, considering and weighing all the evidence, that clear and convincing proof was so weak or lacking that it could not produce in the factfinder's mind a firm belief or conviction that termination of parental rights was in the child's best interest, or that the finding is so against the great weight of the evidence that it is clearly wrong and unjust. In re C.H., 89 S.W.3d at 25; Dow Chem. Co. at 242. Appellant's second issue is overruled.
The judgment of the trial court is affirmed.
NOTES
[1] Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).
[2] Appellee's brief was finally filed in February 2002.
[3] Under the historic preponderance of evidence legal sufficiency review, "The evidence presented, viewed in the light most favorable to the prevailing party, must be such as to permit the logical inference [that the jury must reach]." Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 24 (Tex.1994). We believe, under the heightened intermediate legal sufficiency review, we still view the evidence in the light most favorable to the prevailing party, but that evidence must demonstrate proof or permit logical inferences that the fact finder could reasonable form a firm belief or conviction about the truth of the assertions.