**In the Interest of S.M.L.C., a Child.**

No. 04–02–00549–CV.

Court of Appeals of Texas,
San Antonio.

June 25, 2003.

Bertram Oliver Wood, III, San Antonio, for Appellant.

Kerrisa J. Chelkowski, Asst. Crim. Dist. Atty., George W. Baugh (ADL), Kristen L. Calbert (ADL), San Antonio, for Appellee.

Sitting: PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

Angela Kay Hobgood appeals the trial court's decree terminating the parent-child relationship with her son, S.M.L.C. We affirm the judgment of the trial court.

## Background

A few months after her son was born, Hobgood was arrested, having left her infant son S.M.L.C. in the care of babysitters without adequate food and no knowledge of where Hobgood had gone. The Texas Department of Protective and Regulatory Services (TDPRS) had received prior referrals on S.M.L.C. expressing concerns about the baby's malnutrition and physical neglect and Hobgood's mental state. Hobgood has a history of arrests and convictions for prostitution. The arrest that precipitated S.M.L.C.'s removal by TDPRS resulted in Hobgood's conviction for possession of a controlled substance. Hobgood previously relinquished her rights to a daughter adopted by Hobgood's mother, and her rights to a second daughter were involuntarily terminated.

Following a bench trial, the trial court concluded that three grounds existed for termination of Hobgood's parental rights:

(1) Hobgood had her parent-child relationship terminated with respect to another child based on a finding her conduct was in violation of paragraph (D) or (E) of section 161.001(1) of the Texas Family Code (*see* TEX. FAM.CODE ANN. § 161.001(1)(M) (Vernon 2002));

(2) Hobgood constructively abandoned S.M.L.C. who had been in the permanent or temporary managing conservatorship of TDPRS for not less than six months (*see* TEX. FAM.CODE ANN. § 161.001(1)(N)); and

(3) Hobgood failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of her son (*see* TEX. FAM.CODE ANN. § 161.001(1)(O)).

On appeal, Hobgood claims the evidence is legally and factually insufficient to support the trial court's finding that she abandoned S.M.L.C., that she failed to comply with her service plan, or that termination is in the best interest of the child.

## Standard of Review

Termination of parental rights is a drastic remedy, involving fundamental constitutional rights. *In the Interest of re G.M.*, 596 S.W.2d 846, 847 (Tex.1980). However, "[w]hile parental rights are of constitutional magnitude, they are not absolute." *In the Interest of C.H.*, 89 S.W.3d 17, 26 (Tex.2002). "[I]t is essential that the emotional and physical interests of the child not be sacrificed merely to preserve [the parental] right." *Id.* Accordingly, we review termination findings under a clear and convincing standard. *Id.* at 24. Viewing the facts in the light most favorable to the factfinder's conclusions, we look to see if the evidence "is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *Id.* If the evidence supports any one of the grounds found by the trial court and shows termination to be in the best interest of the child, we uphold the trial court's judgment. *Green v. Tex. Dep't of Protective & Regulatory Serv.*, 25 S.W.3d 213, 219 (Tex.App.-El Paso 2000, no pet.).

## Discussion

At the trial, case workers testified that Hobgood had complied with some parts of her service plan but missed coun-

seling sessions, visited her son only sporadically, and was not consistent in following the rules of Alpha Home, the treatment home where she was residing. Hobgood failed to obtain and keep employment, she planned to live with her new boyfriend when she got out of the treatment home, and she testified she should be able to care for her son on earnings of $75 a week. Hobgood testified that she had learned how to provide a safe and secure environment for her son, but she also maintained that she had done a good job of caring for him prior to his removal from her custody. The case workers testified that Hobgood did not seem to understand her son's development needs and she did not seem able to absorb the parenting and life skills taught in the programs she attended.

The evidence is undisputed that Hobgood's parent-child relationship with her youngest daughter had been terminated for reasons that constitute grounds for termination of her relationship with S.M.L.C. The testimony of the case workers and of Hobgood herself supports the trial court's finding that Hobgood did not complete her service plan. Either of these grounds is sufficient for termination if that decision is in the best interest of the child.

■ With respect to whether termination is in the best interest of the child, the case worker testified that S.M.L.C. did not seem to have formed a bond with Hobgood; he clung to the case workers when Hobgood visited. Hobgood's cousin had adopted Hobgood's youngest daughter and wanted to adopt S.M.L.C. as well. The cousin even offered an open adoption where Hobgood could see her son periodically but Hobgood would not approve that arrangement. In contrast, Hobgood had no real plan for the care of her son and did not seem to take responsibility for having lost her other two children. The evidence developed in the record as a whole is sufficient to support the trial court's conclusion that termination is in the best interest of the child. *See In the Interest of C.H.*, 89 S.W.3d at 28 (evidence of a parent's acts and omissions supporting grounds for termination may also be probative of the child's best interest).

### Conclusion

Because the evidence is such that the trial court could have reasonably formed a firm belief or conviction that grounds exist for termination of Hobgood's parent-child relationship with her son and that termination is in the best interest of the child, we affirm the judgment of the trial court.