DISSENTING OPINION

No. 04-05-00927-CV

IN THE INTEREST OF D.W., a Child

From the 57th Judicial District Court, Bexar County, Texas

Trial Court No. 2004-PA-00622

Honorable John J. Specia , Judge Presiding (1)




Opinion by: Sarah B. Duncan , Justice

Dissenting opinion by: Alma L. López , Chief Justice



Sitting: Alma L. López , Chief Justice

 Sarah B. Duncan , Justice

 Sandee Bryan Marion , Justice



Delivered and Filed: August 9, 2006 

 The order of termination recites that the termination case was heard on August 4, 2005, and the ad litem appointed to
represent the child failed to appear. Although the trial court apparently appointed a substitute ad litem on the day of the
hearing who signed the order approving it as to form, I question whether the substitute ad litem could have been prepared
for the hearing on the date she was appointed. Furthermore, no ad litem was present at the "Re-Hearing on the Merits" also
held on August 4, 2005.

 Termination of parental rights is a drastic remedy, involving fundamental constitutional rights. In re G.M., 596 S.W.2d
846, 847 (Tex. 1980), In re S.M.L.C., 115 S.W.3d 30, 31 (Tex. App.--San Antonio 2003, no pet.). For this reason, the
Texas Family Code mandates that an attorney ad litem be appointed to represent the interest of the child. Tex. Fam. Code
Ann. § 107.012 (Vernon Supp. 2005); Gaitan v. Blevins, No. 04-95-00070-CV, 1996 WL 165529, at *2 (Tex. App.--San
Antonio Apr. 10, 1996, no pet.) (noting mandatory nature of statute). Implicit in the mandatory requirement that an attorney
ad litem be appointed is the requirement that the ad litem be present at the hearings in order to represent the child's interest. 
Just as a court's error in failing to appoint an ad litem can be raised for the first time on appeal, see Turner v. Lutz, 654
S.W.2d 57, 58 (Tex. App.--Austin 1983, no writ), the ad litem's failure to appear at a hearing also should be permitted to be
raised for the first time on appeal. Because the majority holds that the failure to object to the absence of the ad litem waived
this complaint, I respectfully dissent.



 Alma L. López , Chief Justice



1. Associate Judge Richard Garcia presided over the termination hearing.