NO. 07-03-0077-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 15, 2003

_____


IN THE INTEREST OF T. C. AND BABY BOY C., CHILDREN


_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 64,742-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Julie Cortez appeals from a judgment rendered following a jury trial terminating her parental rights to her two sons, T.C. and Baby Boy C. and appointing the Texas Department of Protective and Regulatory Services (the Department) permanent managing conservator of the children. Presenting only one point of error, Julie contends reversal is required because the proceedings were rendered fundamentally unfair by the implication that she behaved improperly in failing to follow the Department's instructions,

when its explicit goal was to *terminate* her parental rights. (Emphasis in original). Based upon the rationale expressed herein, we affirm.

Because Julie does not challenge the sufficiency of the evidence, a detailed review of the facts is not necessary. The evidence did show however, that Julie had repeated troubles with the law and with substance abuse. Alleging that she was uncooperative in its attempts to reunify her with her children, the Department filed its petition to terminate Julie's parental rights to T.C. and Baby Boy C. By affidavit attached to the petition, the Department averred that removal of the children was necessary after Baby Boy C., who was born on May 15, 2000, tested positive for amphetamines at the time of delivery. T.C., who was born on February 11, 1998, also tested positive for controlled substances at the time of his birth. According to the Department, at the time its petition was filed, Julie and the children's father and the biological father of Baby Boy C. were all incarcerated and there were no appropriate or willing relatives to take the children.[1]

The natural right existing between parents and their children is one of constitutional dimension. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). A termination decree is complete, final, irrevocable, and divests for all time that natural right as well as all legal rights, privileges, duties, and powers with respect to each other except for the child's right to inherit. Wiley v. Spratlan, 543 S.W.2d 349, 352 (Tex. 1976). Consequently, termination

---

[1]The rights of the father of the children and the biological father of Baby Boy C. were also terminated; however, no appeal was filed by them.

proceedings must be strictly scrutinized.  In Interest of G.M., 596 S.W.2d 846 (Tex. 1980).

In proceedings to terminate the parent-child relationship, the petitioner must establish one

or more acts or omissions enumerated under section 161.001(1) of the Family Code and

must additionally prove that termination of the parent-child relationship is in the best

interest of the child.  Tex. Fam. Code Ann. § 161.001(1) and (2) (Vernon 2002).  Both

elements must be established, and proof of one element does not relieve the petitioner of

the burden of proving the other.  *See* Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976).

Pursuant to section 263.405(b) of the Family Code, Julie filed a statement of points

for appeal asserting her issues on appeal would be:

> A. Whether the termination of Respondent's parental rights was procedurally flawed by trial amendments made by Petitioner which so affected the ultimate outcome of the case, so as to violate the constitutional rights of Respondent.
>
> B. Whether the termination of Respondent's parental rights was against the great weight of the evidence.

However, by her sole point here, she contends the underlying proceedings were rendered

fundamentally unfair by the implication that she behaved improperly in failing to follow the

Department's instructions, when its explicit goal was to terminate her parental rights.  We

disagree.

Referencing the testimony of the Department's witnesses on cross-examination,

Julie contends the first and second service plans submitted to her by the Department for

3

implementation contemplated its ultimate objective was to terminate her parental rights and remove her as a parent. However, the record does not contain a copy of either service plan for our review. Further, because no complaint was made in the trial court, the point is not preserved for our review. *See* Tex. R. App. P. 33.1(a); *see also* Moser v. Davis, 79 S.W.3d 162, 169 (Tex.App.--Amarillo 2002, no pet.); Valdez v. Valdez, 930 S.W.2d 725, 728 (Tex.App.–Houston [1st Dist.] 1996, no writ).

Appellant further argues that employees of the Department "behaved in a most cavalier fashion toward [her]" which in effect disregarded her constitutional rights and that this fundamental error can be raised for the first time on appeal. However, as above noted, even assuming any constitutional right is implicated, a question we do not decide, because the record does not include a copy of the referenced service plans, it has not been adequately presented for review. Further, Julie does not contend the alleged unfairness prejudiced or hindered her defense. Finally, her argument fails to demonstrate how the alleged unfairness would undermine the judicial consequences of the jury verdict, which she does not challenge.

Moreover, under section 263.405(b) of the Family Code, Julie was required to file her statement of points on which she intended to appeal. The point presented here was not included in the statement of points filed. Even though the filing of a statement of points does not affect our jurisdiction, because section 263.405(a) makes appeals of a

termination order subject to the "procedures provided by this section," the point has not been preserved for our review.[2]  Julie's sole point of error is overruled.

Accordingly, the judgment is affirmed.

Don H. Reavis
Justice

---

[2]We do not consider In Interest of W.J.H. Jr., J.J.H., D.D.H., and D.N.H., Children, No. 02-02-343-CV, 2003 Tex. App. LEXIS 5204 at *7 (Tex.App.–Fort Worth June 19, 2003, no pet. h.), controlling because no request for supplementation was presented.  The Fort Worth Court held that a party's failure to include a particular point in the statement of points filed under section 263.405(b) does not waive the right to raise such a point on appeal as long as the party has complied with the procedural requirement to file a statement of points and appellee has not been prejudiced.  Also, Rule Tex. R. App. P. 34.6(c)(1), and (4) discussed in Bennett v. Cochran, 96 S.W.3d 227 (Tex. 2002) is not implicated here.