NO. 07-04-0111-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 2, 2004

_____

IN THE INTEREST OF E.W., K.W., M.W., AND R.W., MINOR CHILDREN,

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A32378-0209; HONORABLE KEVIN C. HART, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a jury trial upon the petition of the Texas Department of Protective and Regulatory Services (the Department), appellants Lrae Westerfield and Brandi Hurst, parents of two boys E.W. and K.W., and twin girls, M.W. and R.W.[1] appeal the trial court's order terminating their parental rights and appointing the Texas Department of Family and Protective Services as Permanent Managing Conservator of the four children.  Presenting

_____

[1]At time of trial the boys were ages 4 and 5 and the girls were 3 years old.

two issues, appellants question whether the evidence is (1) legally sufficient and (2) factually sufficient to support the finding that termination of their parental rights is in the best interest of the children as specified in section 161.001(2) of the Texas Family Code.[2] We affirm.

By its charge, among other things, the trial court instructed the jury that its findings must be proven by clear and convincing evidence and that in addition to direct evidence, a fact may be established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proven. Then, by broad form submission, as to Hurst, it submitted termination grounds under section 161.001(1)(D), (E), (F), (N), and (O), and as to Westerfield, submitted termination grounds under section161.001(1)(D), (E), (N), and (O).

The natural right existing between parents and their children is of constitutional dimension. Holick v. Smith 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings must be strictly scrutinized. In Interest of G.M., 596 S.W.2d 846 (Tex. 1980). A parent-child relationship may be terminated if the court finds by clear and convincing evidence: (1) the parent has engaged in any of the specific conduct enumerated in the Family Code asserted as grounds for termination, and (2) termination is in the best interest

---

[2] The State notes that appellants' failure to challenge the legal or factual sufficiency of the evidence supporting the jury's finding that appellants engaged in conduct listed under section 161.001(1) of the Code as grounds for termination does not constitute a waiver of any arguments presented regarding the sufficiency of the evidence supporting the best interest finding.

of the child.  *See* §161.001(1) & (2); *see also* Texas Dept. of Human Services v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987).

In a legal sufficiency review of the evidence to support an order terminating parental rights, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.  In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002).  To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so.  *Id*.  Thus, we disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible.  *Id*.

The standard for reviewing the factual sufficiency of termination findings is whether the evidence is such that a reasonable factfinder could form a firm belief or conviction about the truth of the Department's allegations.  In re C.H., 89 S.W.3d 17, 25 (Tex. 2002).  Under that standard, we consider whether the disputed evidence is such that a reasonable factfinder could not have resolved the disputed evidence in favor of its finding.  *In re J.F.C.*, 96 S.W.3d at 266.  If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.  *Id*.

Because appellants do not challenge the sufficiency of the evidence to support the factfinder's findings as to the grounds for termination under section 161.001(1), we confine our analysis to the findings regarding the best interest of the children under section 161.001(2). By its charge, the trial court listed 22 factors which the jury could consider in determining best interest, which included the nine *Holley* factors.[3] These factors are not exhaustive; some listed factors may be inapplicable to some cases, while other factors not on the list may also be considered when appropriate. *In re C.H.*, 89 S.W.3d at 27. As material to our analysis, the charge included these additional factors:

> 15. the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, or other family members, or others that have had access to the child's home;
>
> ***
>
> 17. whether there is a history of substance abuse by the child's parent(s), family or others who have access to the child's home;
>
> ***
>
> 21. whether the child's parents, family, and/or persons who have access to the child demonstrate adequate parenting skills, including, but not limited to, providing the child and any other child under the family's care with
>
>> (a) minimally adequate health and nutritional care;
>>
>> (b) care, nurturance, and appropriate discipline consistent with the child's physical and psychological developments;

---

[3](1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976).

4

(c) guidance and supervision consistent with the child's safety;

(d) a safe physical home environment;

(e) protection from repeated exposure to violence even though the violence may not be directed at the child; and

(f) an understanding of the child's needs and capabilities.

By their first issue, appellants contend the evidence is legally insufficient to support the finding that termination of their parental rights was in the best interest of the children, and by issue two, contend the evidence was factually insufficient to support the finding. We disagree.

Among other things, Hurst testified she was Westerfield's common law wife, the mother of the children, and admitted to a history of criminal activity including burglary, criminal trespass, and theft by check. She also acknowledged that since the children had been removed by the Department, she and Westerfield had "broken up" twice. She confirmed that after the children were removed in September 2002, she was hospitalized for an overdose of medication and admitted that she had been using cocaine at that time. Additionally, she testified that although she did not have a driver's license and had no insurance, she would nonetheless drive herself and Westerfield. Finally, she stated that she discontinued receipt of mental health services because she did not think she needed it and that she had refused housing services because she "didn't want it."

Westerfield admitted he had an extensive criminal history which included burglary of a habitation, possession of marijuana, theft by check, driving with a suspended license, failure to pay child support, two DWIs, and most recently, theft, and criminal trespass.

Appellate counsel commendably acknowledges that the evidence reflects appellants' substandard parenting abilities and that they suffer from various psychological maladies. Indeed, a clinical psychologist testified that after performing psychological evaluations of appellants, he concluded they were each in the bottom two percent of adults their ages, and both had approximately a sixth-grade reading level. Regarding Westerfield, he testified that his personality characteristics showed he was the type of person who did not have a very good sense of right and wrong and that people with similar characteristics were more likely to commit illegal behaviors, abuse substances, be reckless, and be irresponsible in relationships. The psychologist described Hurst as suffering from schizoaffective disorder that made her likely to experience hallucinations, confused thinking, poor social skills, depression, anger, mood swings, and lashing out.

## Legal Sufficiency

Appellants do not contend the evidence is insufficient to support the finding of one or more of the grounds for termination under section 161.001(1). Because the same evidence which supports the grounds for termination may be probative of the "best interest" issue and considering the evidence reviewed above in the light most favorable to the

6

finding and disregarding all evidence to the contrary, we conclude the evidence is legally sufficient. Issue one is overruled.

## Factual Sufficiency

In this analysis, we focus on the psychological evaluation, the substance abuse, and the adequacy of parenting skills implicated by factors 15, 17, and 21. The evidence shows that Hurst had refused mental health services, had a history of drug use, and a criminal record. Similarly, Westerfield's personality characteristics of having a poor sense of right and wrong making him likely to engage in illegal behavior, history of drug use, and criminal record demonstrate the evidence is factually sufficient. Moreover, the candid summary and acknowledgment that appellants had substandard parenting abilities and suffered from various psychological maladies implicates factors 15, 17, and 21. Considering the direct and circumstantial evidence referenced above, we conclude the evidence is factually sufficient to support the jury's finding that termination was in the best interest of the children. Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice