IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00051-CV

 

Andrew Niles Gordon,

                                                                      Appellant

 v.

 

David Drew Gordon,

                                                                      Appellee

 

 

 



From the 170th District Court

McLennan County, Texas

Trial Court # 2003-1481-4

 



CONCURRING Opinion










 

          Very few documents have been filed or received at this point in this
appeal.  From what we have, I have been
able to piece together the following time-line:

          Date                       Description 

 

          10/29/04                 Docket
entry of hearing

          11/02/04                 Motion
for New Trial

          11/02/04                 Motion
to Reinstate 

          11/08/04                 Notice
of Appeal

          11/09/04                 Judgment
signed

          12/23/04                 Motion
Extension of Time to File Brief

          (12/17/04)               (mailed
above motion)

          02/07/04                 Appellant’s
Brief filed

          02/07/04                 Appellant’s
Motion for Leave to Proceed in Forma Pauperis

          02/07/04                 Declaration
of Inability to Pay Cost

 

          The
motion for new trial and the notice of appeal both appear to be prematurely
filed as they were filed prior to the signing of the judgment.  Tex.
R. App. P. 12.1 and 12.2.  But
there can be no question the notice of appeal was timely for the purpose of
invoking our jurisdiction.  Tex. R. App. P. 27.1.

          But
the Court’s holding overrules the procedure we followed in In the Interest of K.K., L.M., M.M., and T.K., 10-04-00303-CV
(letter order) that allowed a late filed indigence affidavit after the receipt
of a reasonable explanation and reset the timetable to contest that
affidavit.  I am very reluctant to
overrule a procedure so recently established. 
But I will join the decision, making it a unanimous holding that if the
indigence affidavit is not timely filed, and no extension to consider the late
filed indigence affidavit is timely filed, the case must be dismissed if the
filing fee remains unpaid.

          With
these remarks, I join the Court’s opinion and judgment.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
opinion delivered and filed March 30, 2005

[CV06]






justify; line-height: 0.388889in">          On the other hand, the evidence was factually insufficient to support the finding. The trial
court, in terminating Cooper's parental rights, was willing to allow J.K. to remain in Young's
custody, which indicates that the court did not believe that Young imposed any significant danger
to J.K. Further, there was no evidence that Young was ever abusive to J.K. or to his other child,
a boy fifteen years old at the time of the hearing. Considering all the evidence at the hearing, we
conclude that the trial court's third finding was so against the great weight and preponderance of
the evidence as to be manifestly wrong and unjust.
          In addressing the trial court's fourth finding, we similarly conclude that there was more
than a scintilla of evidence that Cooper engaged in conduct that endangered J.K.'s physical or
emotional well-being. There was evidence that Cooper had been convicted of marijuana
possession, lives with two men, dances at a strip-bar, has attempted suicide at least twice, lost
possession of another child, threw down J.K. as an infant so she could fight with a male
companion, did not contact J.K. for an extended period of time after leaving her with Young, and
that J.K. has emotional and behavioral problems of an unknown origin. Each one of these facts
provides more than a scintilla of evidence to support the trial court's fourth finding.
          But we fail to conclude that the evidence adduced at the termination hearing was factually
sufficient to support the fourth finding. There was evidence that Cooper is now gainfully
employed (the other side of the strip-dancing coin), no longer uses drugs, no longer is depressed
or has suicidal thoughts, and was concerned enough about J.K.'s well-being while she was
suffering from depression to leave her with Young whom she believed could provide for J.K. 
While there was evidence that J.K. at the time of the hearing was having emotional and behavioral
problems, there was no evidence to show that Cooper caused the problems. Young surmises that
Cooper's employment as a strip-dancer and her domestic accommodations with two men suggest
that Cooper had allowed J.K. to be sexually assaulted, but this evidence is extremely speculative. 
Furthermore, other than the hearsay testimony that Cooper threw down J.K. at a party, there was
no additional evidence that Cooper ever hurt J.K. in any other way, either physically or
emotionally. See In re P.S., 766 S.W.2d 833, 839 (Tex. App.—Houston [1st Dist.] 1989, no
writ).
          The decision to terminate should not be made lightly. Rights which inhere in the parent-child relationship are of constitutional dimension, Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct.
1208, 1212 (1972); In re G.M., 596 S.W.2d 846, and the decision to terminate is complete, final,
and irrevocable. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). Interference with the parent-child relationship is justified only when there is a compelling governmental interest; consequently,
a trial court's decision to terminate will be strictly scrutinized on appeal. Id. While there was
substantial evidence that Cooper has not been a model mother for J.K., the evidence nevertheless
fails to justify a decision to completely and permanently sever Cooper's relationship with her
daughter. We conclude that the evidence adduced at the termination hearing was factually
insufficient to support the trial court's fourth finding.
          We conclude that the evidence was factually insufficient to support the trial court's
judgment. Due to our disposition of Cooper's sufficiency points, we need not consider her
complaint about the trial court's failure to appoint her an attorney ad litem for the termination
hearing. The judgment is reversed and the cause remanded for a new termination hearing.


                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings,
          Justice Vance,
          and Chief Justice McDonald (Retired)
Reversed and remanded
Opinion delivered and filed September 18, 1996
Do not publish