COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-366-CV
 
 
  
IN 
THE INTEREST OF N.E., A CHILD
 
  
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is a parental termination case.  After finding that Appellant, mother of 
N.E., knowingly placed or allowed N.E. to remain in conditions or surroundings 
that endangered the child’s physical or emotional well-being, that Appellant 
engaged in conduct or knowingly placed N.E. with persons whose conduct 
endangered his physical or emotional well-being,[2] 
and that termination was in N.E.’s best interest,[3] 
the trial court terminated Appellant’s parental rights. On appeal, Appellant 
challenges the legal and factual sufficiency of the evidence.  We affirm.
        The 
evidence reveals that Appellant, who was born October 11, 1968, has had a drug 
abuse problem for at least twenty-three years, starting when she was only 
thirteen years of age. By the time she reached the age of nineteen, Appellant 
was drinking a 12-pack of beer daily. After four prior investigations, Child 
Protective Services (CPS) learned in December 2003 that Appellant was using 
methamphetamine; at that time CPS removed Appellant’s male minor child (N.E.) 
from her care. Appellant admitted to CPS that she had used methamphetamine 
during the past weekend. The evidence shows that Appellant has sporadically 
smoked marijuana between the ages of thirteen and twenty-three. She started 
using methamphetamine at age fifteen and cocaine at age sixteen. She received 
six months probation for drug use and later was arrested four times on charges 
ranging from drug use to assault. In 1997, Appellant was arrested for driving 
while intoxicated and spent eighty-five days in jail for failure to complete her 
community service obligation.
        N.E. 
was born December 10, 2001. In December 2003, CPS removed N.E. because Appellant 
had left him with her live-in boyfriend, Todd Fryer, who was addicted to 
amphetamines and whom Appellant knew was using, selling, and possibly 
manufacturing methamphetamine in their home. Appellant tested positive for 
methamphetamine on December 12, 2003. In January 2004, Appellant was arrested on 
an outstanding warrant for criminal trespass; she was sentenced to two weeks in 
jail. Appellant’s CPS caseworker testified that it wasn’t until August 19, 
2004 that Appellant finally admitted that maybe she should have inpatient drug 
treatment. The caseworker referred Appellant to an inpatient drug treatment 
program, but Appellant did not follow up on the referral.
        A 
person’s parental rights in her child may only be terminated if there exists 
clear and convincing evidence establishing: one or more of the acts or omissions 
enumerated in the statute; and that termination is in the best interest of the 
child. See Tex. Fam. Code Ann. 
§§ 161.001, 161.206(a); In re G.M., 596 S.W.2d 846, 847 (Tex. 1980).
        It 
is our duty to uphold the trial court’s judgment on any theory of law 
applicable to the case, once our review of the record shows fact findings 
supported by the evidence. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 
1990). A legal sufficiency review must take into consideration whether the 
evidence is such that a fact finder could reasonably form a firm belief or 
conviction about the truth of a matter on which the State bears the burden of 
proof. In re J.F.C., 96 S.W.3d 256, 265-66 (Tex. 2002). A factual 
sufficiency review requires us to determine whether the evidence is such that a 
fact finder could reasonably form a firm belief or conviction about the truth of 
the State’s allegations. In re C.H., 89 S.W.3d 17, 25 (Tex. 2002).
        Evidence 
of a parent’s illegal drug use and drug-related criminal activity supports a 
conclusion that the child’s surroundings “endanger” his physical or 
emotional well-being. In re R.W., 129 S.W.3d 732, 738-39 (Tex. App. 
—Fort Worth 2004, pet. denied); In re D.C., 128 S.W.3d 707, 715-16 
(Tex. App.—Fort Worth 2003, no pet.); In re S.D., 980 S.W.2d 758, 763 
(Tex. App.—San Antonio 1998, pet. denied). Here, Appellant offered no excuse 
for her behavior and no excuse for leaving her minor child with her 
drug-addicted boyfriend. We hold there is legally and factually sufficient 
evidence to support both grounds for termination.
        Appellant 
also challenges the factual sufficiency of the evidence to support the trial 
court’s finding that it is in the best interest of N.E. to terminate 
Appellant’s parental rights. The supreme court has provided nonexclusive 
factors that the trier of fact in a termination case may use in determining the 
best interest of the child. Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 
1976). Factors we consider in deciding whether termination is in a child's best 
interest include: the desires of the child; the present and future physical and 
emotional needs of the child; the present and future emotional and physical 
danger to the child; the parental abilities of the person seeking custody; 
programs available to assist those persons in promoting the best interest of the 
child; plans for the child by those individuals or by the agency seeking 
custody; the stability of the home or proposed placement; the acts or omissions 
of the parent that may indicate that the existing parent-child relationship is 
not appropriate; and any excuse for the acts or omissions of the parent. Id. 
Proof of acts or omissions under section 161.001(1) may also be probative of 
whether termination is in the child's best interest. In re C.H., 89 
S.W.3d at 28; In re E.D.L., 105 S.W.3d 679, 689-91 (Tex. App.—Fort 
Worth 2003, pet. denied).
        At 
the time of trial, N.E. was under three years old and could not therefore 
properly express an opinion regarding the termination of Appellant’s parental 
rights. The evidence established that N.E. was significantly delayed 
developmentally when he entered foster care. As detailed previously in this 
opinion, Appellant’s drug and alcohol abuse problem was chronic and ongoing 
and would continue to endanger N.E. were he to be returned to Appellant’s 
care. Appellant exhibited no concrete plans for a stable living environment for 
N.E. and had been unemployed for over four and one-half years at the time of 
trial. We have reviewed the record extensively, and under the applicable 
standards of review, and we hold that the evidence was factually sufficient to 
constitute clear and convincing evidence to support the trial court's finding 
that termination was in N.E.'s best interest. See In re E.D.L., 
105 S.W.3d at 689-91.
        We 
overrule each of Appellant’s issues and affirm the trial court’s judgment 
terminating Appellant’s parental rights to her child, N.E.
  
  
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
  
 
PANEL 
B: HOLMAN, GARDNER, and McCOY, JJ.
 
DELIVERED: 
July 14, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. Fam. Code Ann. 
§§ 161.001(1)(D), (E) (Vernon 2002).
3.  
See id. § 161.001(2).