IN RE N.E.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-366-CV

IN THE INTEREST OF N.E., A CHILD

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is a parental termination case.  After finding that Appellant, mother of N.E., knowingly placed or allowed N.E. to remain in conditions or surroundings that endangered the child’s physical or emotional well-being, that Appellant engaged in conduct or knowingly placed N.E. with persons whose conduct endangered his physical or emotional well-being,
(footnote: 2) and that termination was in N.E.’s best interest,
(footnote: 3) the trial court terminated Appellant’s parental rights.  On appeal, Appellant challenges the legal and factual sufficiency of the evidence.  We affirm.

The evidence reveals that Appellant, who was born October 11, 1968,  has had a drug abuse problem for at least twenty-three years, starting when she was only thirteen years of age.  By the time she reached the age of nineteen, Appellant was drinking a 12-pack of beer daily.  After four prior investigations, Child Protective Services (CPS) learned in December 2003 that Appellant was using methamphetamine; at that time CPS removed Appellant’s male minor child (N.E.) from her care.  Appellant admitted to CPS that she had used methamphetamine during the past weekend.  The evidence shows that Appellant has sporadically smoked marijuana between the ages of thirteen and twenty-three.  She started using methamphetamine at age fifteen and cocaine at age sixteen.  She received six months probation for drug use and later was arrested four times on charges ranging from drug use to assault.  In 1997, Appellant was arrested for driving while intoxicated and spent eighty-five days in jail for failure to complete her community service obligation.

N.E. was born December 10, 2001.  In December 2003, CPS removed N.E. because Appellant had left him with her live-in boyfriend, Todd Fryer, who was addicted to amphetamines and whom Appellant knew was using, selling, and possibly manufacturing methamphetamine in their home.  Appellant tested positive for methamphetamine on December 12, 2003.  In January 2004, Appellant was arrested on an outstanding warrant for criminal trespass; she was sentenced to two weeks in jail.  Appellant’s CPS caseworker testified that it wasn’t until August 19, 2004 that Appellant finally admitted that maybe she should have inpatient drug treatment.  The caseworker referred Appellant to an inpatient drug treatment program, but Appellant did not follow up on the referral.

A person’s parental rights in her child may only be terminated if there exists clear and convincing evidence establishing:  one or more of the acts or omissions enumerated in the statute; and that termination is in the best interest of the child. 
 See
 
Tex. Fam. Code Ann.
 §§ 161.001, 161.206(a); 
In re G.M.
, 596 S.W.2d 846, 847 (Tex. 1980).

It is our duty to uphold the trial court’s judgment on any theory of law applicable to the case, once our review of the record shows fact findings supported by the evidence.  
Worford v. Stamper
, 801 S.W.2d 108, 109 (Tex. 1990).  A legal sufficiency review must take into consideration whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of a matter on which the State bears the burden of proof.  
In re J.F.C.
, 96 S.W.3d 256, 265-66 (Tex. 2002).  A factual sufficiency review requires us to determine whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the State’s allegations.  
In re C.H.
, 89 S.W.3d 17, 25 (Tex. 2002).

Evidence of a parent’s illegal drug use and drug-related criminal activity supports a conclusion that the child’s surroundings “endanger” his physical or emotional well-being.  
In re R.W.
, 129 S.W.3d 732, 738-39 (Tex. App. —Fort Worth 2004, pet. denied); 
In re D.C.
, 128 S.W.3d 707, 715-16 (Tex. App.—Fort Worth 2003, no pet.); 
In re S.D.
, 980 S.W.2d 758, 763 (Tex. App.—San Antonio 1998, pet. denied).  Here, Appellant offered no excuse for her behavior and no excuse for leaving her minor child with her drug-addicted boyfriend.  We hold there is legally and factually sufficient evidence to support both grounds for termination. 

Appellant also challenges the factual sufficiency of the evidence to support the trial court’s finding that it is in the best interest of N.E. to terminate Appellant’s parental rights.  The supreme court has provided nonexclusive factors that the trier of fact in a termination case may use in determining the best interest of the child.  
Holley v. Adams
, 544 S.W.2d 367, 371-72 (Tex. 1976).  Factors we consider in deciding whether termination is in a child's best interest include:  the desires of the child; the present and future physical and emotional needs of the child; the present and future emotional and physical danger to the child; the parental abilities of the person seeking custody; programs available to assist those persons in promoting the best interest of the child; plans for the child by those individuals or by the agency seeking custody; the stability of the home or proposed placement; the acts or omissions of the parent that may indicate that the existing parent-child relationship is not appropriate; and any excuse for the acts or omissions of the parent.  
Id.
  Proof of acts or omissions under section 161.001(1) may also be probative of whether termination is in the child's best interest.  
In re C.H.
, 89 S.W.3d at 28; 
In re E.D.L.
, 105 S.W.3d 679, 689-91 (Tex. App.—Fort Worth 2003, pet. denied). 

At the time of trial, N.E. was under three years old and could not therefore properly express an opinion regarding the termination of Appellant’s parental rights.  The evidence established that N.E. was significantly delayed developmentally when he entered foster care.  As detailed previously in this opinion, Appellant’s drug and alcohol abuse problem was chronic and ongoing and would continue to endanger N.E. were he to be returned to Appellant’s care.  Appellant exhibited no concrete plans for a stable living environment for N.E. and had been unemployed for over four and one-half years at the time of trial.  We have reviewed the record extensively, and under the applicable standards of review, and we hold that the evidence was factually sufficient to constitute clear and convincing evidence to support the trial court's finding that termination was in N.E.'s best interest.  
See
 
In re E.D.L.
, 105 S.W.3d at 689-91.

We overrule each of Appellant’s issues and affirm the trial court’s judgment terminating Appellant’s parental rights to her child, N.E.

DIXON W. HOLMAN

JUSTICE

PANEL B:  HOLMAN, GARDNER, and McCOY, JJ.

DELIVERED:  July 14, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Fam. Code Ann.
 §§ 161.001(1)(D), (E) (Vernon 2002).

3:
See id.
 § 161.001(2).