NO. 07-04-0560-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 4, 2005



______________________________



MICHAEL LOU GARRETT, APPELLANT



V.



MARIO A. DEL FIERRO, ET AL., APPELLEE


_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 91,954-B; HONORABLE JOHN BOARD, JUDGE


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant brought this interlocutory appeal from the denial of temporary relief. The
trial court has now rendered a final judgment in this action and appellant has perfected
appeal of that order. The final judgment renders moot appellant's interlocutory appeal. 
Richard v. Mena, 820 S.W.2d 372 (Tex. 1991). We therefore dismiss this appeal as moot


 James T. Campbell

 Justice

.



original). Based
upon the rationale expressed herein, we affirm.

 Because Julie does not challenge the sufficiency of the evidence, a detailed review
of the facts is not necessary. The evidence did show however, that Julie had repeated
troubles with the law and with substance abuse. Alleging that she was uncooperative in
its attempts to reunify her with her children, the Department filed its petition to terminate
Julie's parental rights to T.C. and Baby Boy C. By affidavit attached to the petition, the
Department averred that removal of the children was necessary after Baby Boy C., who
was born on May 15, 2000, tested positive for amphetamines at the time of delivery. T.C.,
who was born on February 11, 1998, also tested positive for controlled substances at the
time of his birth. According to the Department, at the time its petition was filed, Julie and
the children's father and the biological father of Baby Boy C. were all incarcerated and
there were no appropriate or willing relatives to take the children. (1)

 The natural right existing between parents and their children is one of constitutional
dimension. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). A termination decree is
complete, final, irrevocable, and divests for all time that natural right as well as all legal
rights, privileges, duties, and powers with respect to each other except for the child's right
to inherit. Wiley v. Spratlan, 543 S.W.2d 349, 352 (Tex. 1976). Consequently, termination
proceedings must be strictly scrutinized. In Interest of G.M., 596 S.W.2d 846 (Tex. 1980). 
In proceedings to terminate the parent-child relationship, the petitioner must establish one
or more acts or omissions enumerated under section 161.001(1) of the Family Code and
must additionally prove that termination of the parent-child relationship is in the best
interest of the child. Tex. Fam. Code Ann. § 161.001(1) and (2) (Vernon 2002). Both
elements must be established, and proof of one element does not relieve the petitioner of
the burden of proving the other. See Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976).

 Pursuant to section 263.405(b) of the Family Code, Julie filed a statement of points
for appeal asserting her issues on appeal would be:

 A. Whether the termination of Respondent's parental rights was procedurally
flawed by trial amendments made by Petitioner which so affected the
ultimate outcome of the case, so as to violate the constitutional rights of
Respondent.

 B. Whether the termination of Respondent's parental rights was against the
great weight of the evidence.


However, by her sole point here, she contends the underlying proceedings were rendered
fundamentally unfair by the implication that she behaved improperly in failing to follow the
Department's instructions, when its explicit goal was to terminate her parental rights. We
disagree.

 Referencing the testimony of the Department's witnesses on cross-examination,
Julie contends the first and second service plans submitted to her by the Department for
implementation contemplated its ultimate objective was to terminate her parental rights and
remove her as a parent. However, the record does not contain a copy of either service
plan for our review. Further, because no complaint was made in the trial court, the point
is not preserved for our review. See Tex. R. App. P. 33.1(a); see also Moser v. Davis, 79
S.W.3d 162, 169 (Tex.App.--Amarillo 2002, no pet.); Valdez v. Valdez, 930 S.W.2d 725,
728 (Tex.App.-Houston [1st Dist.] 1996, no writ). 

 Appellant further argues that employees of the Department "behaved in a most
cavalier fashion toward [her]" which in effect disregarded her constitutional rights and that
this fundamental error can be raised for the first time on appeal. However, as above noted,
even assuming any constitutional right is implicated, a question we do not decide, because
the record does not include a copy of the referenced service plans, it has not been
adequately presented for review. Further, Julie does not contend the alleged unfairness
prejudiced or hindered her defense. Finally, her argument fails to demonstrate how the
alleged unfairness would undermine the judicial consequences of the jury verdict, which
she does not challenge. 

 Moreover, under section 263.405(b) of the Family Code, Julie was required to file
her statement of points on which she intended to appeal. The point presented here was
not included in the statement of points filed. Even though the filing of a statement of points
does not affect our jurisdiction, because section 263.405(a) makes appeals of a
termination order subject to the "procedures provided by this section," the point has not
been preserved for our review. (2) Julie's sole point of error is overruled.

 Accordingly, the judgment is affirmed.

 Don H. Reavis

 Justice

 


1. The rights of the father of the children and the biological father of Baby Boy C. were
also terminated; however, no appeal was filed by them. 
2. We do not consider In Interest of W.J.H. Jr., J.J.H., D.D.H., and D.N.H., Children,
No. 02-02-343-CV, 2003 Tex. App. LEXIS 5204 at *7 (Tex.App.-Fort Worth June 19, 2003,
no pet. h.), controlling because no request for supplementation was presented. The Fort
Worth Court held that a party's failure to include a particular point in the statement of points
filed under section 263.405(b) does not waive the right to raise such a point on appeal as
long as the party has complied with the procedural requirement to file a statement of points
and appellee has not been prejudiced. Also, Rule Tex. R. App. P. 34.6(c)(1), and (4)
discussed in Bennett v. Cochran, 96 S.W.3d 227 (Tex. 2002) is not implicated here.