**In the Interest of G. M. et al., Children.**

No. B–8515.

Supreme Court of Texas.

March 19, 1980.

Rehearing Denied April 23, 1980.

West Texas Legal Services, Marvin Rogers, Lubbock, for petitioner.

Alton R. Griffin, Dist. Atty., Yvonne M. Faulks, Asst. Dist. Atty., Lubbock, for respondent.

CAMPBELL, Justice.

This case involves the involuntary termination of a parent-child relationship. The trial court applied the preponderance of the evidence standard to its findings and terminated the relationship. The Court of Civil Appeals affirmed the trial court's judgment. 580 S.W.2d 65. We reverse the judgment of the Court of Civil Appeals and remand the case to the trial court for a new trial.

The question here is whether the facts in an involuntary parent-child termination proceeding must be proved by the preponderance of the evidence or the clear and convincing evidence standard. The Supreme Court of the United States and this Court have recognized that involuntary termination of parental rights involves fundamental constitutional rights. In *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), the Supreme Court stated:

> The Court has frequently emphasized the importance of the family. The rights to conceive and to raise one's children have been deemed "essential," "basic civil rights of man," and "[r]ights far more precious . . . than property rights." "It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder." The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Ninth Amendment. [Citations omitted.]

In *Wiley v. Spratlan*, 543 S.W.2d 349 (Tex.1976), we held the natural right between parents and their children is one of constitutional dimensions. The termination of this right is complete, final, and irrevocable. It divests forever the parent and child of all legal rights, privileges, duties, and powers between each other except for the child's right to inherit. *See also Holley v. Adams*, 544 S.W.2d 367 (Tex.1976). For these reasons the proceedings below must be strictly scrutinized.

The Texas Family Code, Section 11.15, provides: "The court's findings shall be based on a preponderance of the evidence under rules generally applicable to civil cases." However, appellate courts considering involuntary termination cases have indicated that more than a preponderance of the evidence is required. In *Wiley v. Spratlan, supra*, we stated that actions which break the ties between a parent and a child are unjustifiable without the most solid and

substantial reasons. Other courts have used the terms "clear and substantial," *In Matter of R\_\_\_ E\_\_\_ W\_\_\_*, 545 S.W.2d 573 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n. r. e.), and "clear and compelling" *Brokenleg v. Butts*, 559 S.W.2d 853 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.), cert. denied 442 U.S. 946, 99 S.Ct. 2894, 61 L.Ed.2d 318 (1979). These cases show the courts of this State have often employed more than a preponderance of the evidence to rebut the strong presumption that the best interest of a child is usually served by maintaining the parent-child relationship.

In *State v. Addington*, 588 S.W.2d 569 (Tex.1979), this Court recognized the clear and convincing standard of proof. We defined clear and convincing as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." This is an intermediate standard, falling between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. Although the *Addington* case applies only to state proceedings to commit an individual for an indefinite time to a state mental hospital, there are compelling reasons to apply the clear and convincing standard to involuntary termination of a parent-child relationship.

The United States Supreme Court in *Addington v. State*, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979), discussed the function of standards of proof. That Court stated:

> The function of a standard of proof, as that concept is embodied in the Due Process Clause and in the realm of factfinding, is to "instruct the fact finder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication." . . . *The standard serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision. Addington v. Texas*, 99 S.Ct. at 1808 (emphasis added).

The intermediate standard, which usually employs some combination of the words "clear," "cogent," "unequivocal," and "convincing," is less commonly used, but nonetheless "is no stranger to the civil law." . . . One typical use of the standard is in civil cases involving allegations of fraud or some other quasi-criminal wrongdoing by the defendant. The interests at stake in those cases are deemed to be more substantial than mere loss of money and some jurisdictions accordingly reduce the risk to the defendant of having his reputation tarnished erroneously by increasing the plaintiff's burden of proof. Similarly, this Court has used the "clear, unequivocal and convincing" standard of proof to protect particularly important individual interests in various civil cases [involving deportation and denaturalization]. *Id.*

The right to enjoy a natural family unit is no less important than the right to liberty which requires at least a clear and convincing standard of proof to inhibit such liberty through involuntary and indefinite confinement in a mental institution. Termination is a drastic remedy and is of such weight and gravity that due process requires the state to justify termination of the parent-child relationship by proof more substantial than a preponderance of the evidence. Hereafter, the "clear and convincing evidence" standard of proof will be required in all proceedings for involuntary termination of the parent-child relationship. We hold that Texas Family Code, Section 11.15 is not applicable to such terminations.

The judgment of the Court of Civil Appeals is reversed and this cause is remanded to the trial court for a new trial.