### In re J. J., a Child.

### No. 5488.

Court of Civil Appeals of Texas, Eastland.

Sept. 11, 1980.

Rehearing Denied Oct. 9, 1980.

Larry D. Robertson, Abilene, William Dupree, West Texas Legal Services, Fort Worth, for appellant.

Sharon Johnson, Abilene, for appellee.

RALEIGH BROWN, Justice.

This case involves the involuntary termination of a parent–child relationship. Based upon the jury's verdict, the trial court terminated the parental rights and appointed the Taylor County Child Welfare Unit as managing conservator of J. J. The mother appeals. We reverse and remand.

The mother contends that the trial court erred in the use of "preponderance of the evidence" standard as the burden of proof and in not applying the standard of "clear and convincing evidence" in the adjudication of this parent–child relationship termination proceeding. We agree.

In the recent case of *In the Interest of G. M.*, 596 S.W.2d 846 (Tex.1980) the court held:

> Termination is a drastic remedy and is of such weight and gravity that due process requires the state to justify termination of the parent–child relationship by proof more substantial than a preponderance of the evidence. Hereafter, the "clear and convincing evidence" standard of proof will be required in all proceedings for involuntary termination of the parent–child relationship. We hold that Texas Family Code, Section 11.15 is not applicable to such terminations.

There is no dispute but that a preponderance of the evidence standard was applied in the case at bar. Although the case was tried and decree of termination entered prior in time to the *Interest of G. M.*, it is clear that the present standard of proof to be applied in such proceedings is "clear and convincing." We must, therefore, reverse and remand the cause.

Our holding as to this point of error makes it unnecessary to consider the other points.

The judgment is reversed and the cause remanded.