COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-007-CV
  
  
IN 
THE INTEREST OF
A.D.M., 
A.D.M., C.M.M.,
and 
A.J.M., CHILDREN
 
  
------------
 
FROM 
THE 89th DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        After 
a jury trial, the trial court ordered that the parental rights of D.M. 
(“Father”) and A.J. (“Mother”) to the children A.D.M., A.D.M.,[2] C.M.M., and A.J.M. be terminated, based on the jury’s 
findings that the parent-child relationship should be terminated.  Father 
appeals from the decree of termination. The decree contains the trial court’s 
findings by clear and convincing evidence that termination is in the 
children’s best interest and that Father:
  
•      knowingly 
placed or knowingly allowed the children to remain in conditions or surroundings 
which endanger the physical or emotional well-being of the children; and/or
•      has 
engaged in conduct or knowingly placed the children with persons who engaged in 
conduct which endangers the physical or emotional well-being of the children; 
and/or
•      has 
failed to comply with the provisions of a court order that specifically 
established the actions necessary for the parent to obtain the return of the 
children; and/or
•      has 
used a controlled substance in a manner that endangered the health and safety of 
the children and failed to complete a court-ordered substance abuse treatment 
program; and/or
•      has 
failed to support the children in accordance with his ability during a period of 
one year ending within six months of the date of the filing of the petition.
  
 
        Father 
does not challenge any of the above bulleted findings.  He challenges only 
the factual sufficiency of the evidence supporting the best interest 
finding.  Because we hold that the evidence is factually sufficient to 
support the finding that termination of Father’s parental rights is in the 
children’s best interest, we affirm the trial court’s decree of termination.
        In 
addition to the evidence supporting the unchallenged findings regarding child 
endangerment, Father’s illegal drug use, his failure to support his children, 
his failure to comply with the court-ordered safety plan, and his failure to 
complete court-ordered substance abuse treatment, the jury also heard testimony 
that Father took no steps to claim his children legally until the petition for 
termination had been filed, had never supported his children by working, had 
been in and out of jail at least three times while the case was pending, did not 
have stable housing, did not have proof of income, and did not have a close bond 
with the younger two children, C.M.M. and A.J.M. Additionally, regarding 
court-ordered services, the evidence showed that Father did not attend 
individual counseling, attended only one parenting class, completed a drug 
assessment by telephone, completed a psychological evaluation while he was in 
jail, refused to use a bus ticket to Abilene for inpatient drug treatment, 
continued to use illegal drugs, and had only irregular visits with the children.
        The 
evidence also showed that Father had an unrealistic view of life, had borderline 
intelligence, and would find parenting challenging, especially when dealing with 
special needs, behavior problems, anticipating future needs, and planning.  
There was evidence that he never inquired about the children’s school, health, 
or well-being while they were in substitute care.  There was no evidence 
about how Father intended to support his children, house them, or keep them 
safe, other than the fact that he had told a witness that he planned to move to 
Fort Worth, get his life together, and get his children back. There was evidence 
that he often said he was going to get his life together, but no evidence that 
he ever took steps to do so.
        Additionally, 
because Father failed to answer requests for admission, he was deemed to have 
admitted that the children had been in stable, safe environments since they 
entered into substitute care and that a permanent placement would be in their 
best interests.  Finally, the jury members could see for themselves that 
Father did not attend the trial.
        On 
the other hand, there was evidence that the parents had placed their third child 
with Father’s brother, Ralph, months before CPS intervened, that she was 
adored in his blended home, which included his longtime significant other and 
her children, that the child was “the baby of the family,” that a home study 
had been conducted with positive results, that Ralph wanted to adopt her, and 
that CPS approved that plan.
        The 
evidence also showed that the other three children were placed in the home of a 
couple suggested by the parents. The children and foster parents had bonded, the 
children were flourishing in the home, the couple wanted to adopt the children, 
the oldest child had expressed the desire to be adopted by the couple, and CPS 
approved that goal.  The evidence also showed that the two foster families, 
independently of CPS and the birth parents, decided to maintain the relationship 
among the four children through regular visits.  There was testimony that 
these placements provided the children with stability, structure, 
predictability, and love.  Additionally, there was testimony that the 
alternative of awarding the State permanent managing conservatorship without 
terminating the parent’s rights would not be in the children’s best interest 
because foster parents could change, the children could be further split up, the 
children would not have a permanent parent to rely on, and they would not be 
able to move forward in life with any certainty.
        Based 
on the appropriate standard of review,[3] and 
considering the Holley factors,[4] we hold that 
the evidence is factually sufficient to support the trial court’s finding that 
the termination of Father’s parental rights is in the best interest of the 
children.  We overrule Father’s sole issue and affirm the trial court’s 
termination decree.
 
   
                                                                  PER 
CURIAM
  
  
PANEL 
F:   DAUPHINOT, WALKER, AND MCCOY, JJ.
DELIVERED: 
August 12, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The two elder children have the same initials.
3.  
See Santosky v. Kramer, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 1397 
(1982); In re C.H., 89 S.W.3d 17, 25 (Tex. 2002); Tex. Dep’t of 
Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987); Holick v. Smith, 
685 S.W.2d 18, 20 (Tex. 1985); Richardson v. Green, 677 S.W.2d 497, 499 
(Tex. 1984); In re G.M., 596 S.W.2d 846, 847 (Tex. 1980).
4.  
See Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976).