# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00082-CV

B. B., Appellant

v.

Texas Department of Family and Protective Services, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-FM-12-003741, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## MEMORANDUM OPINION

B.B. appeals from the trial court's final decree terminating her parental rights to her child R.B. following a jury trial.[1]  *See* Tex. Fam. Code § 161.001.  In one issue, B.B. asserts that she is entitled to automatic reversal because the trial court deprived her of representation by her counsel of choice and because she was left to proceed pro se when the trial court did not release her court-appointed counsel until after the jury trial commenced.  For the following reasons, we affirm.[2]

---

[1]  We refer to the mother and her child by their initials only.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.  The rights of R.B.'s father also were terminated in the final decree, but he has not appealed.

[2]  Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* Tex. R. App. P. 47.1, 47.4.

**BACKGROUND**

This case is the third Child Protective Services case involving B.B. and R.B., who was born in November 2008. The previous case concluded in July 2013 with the appointment of B.B. as the sole managing conservator of R.B. in a final decree of conservatorship. The Texas Department of Family and Protective Services initiated this case in December 2013 by filing a motion to modify the final decree of conservatorship. After B.B. filed an affidavit of indigence and requested a court-appointed attorney in January 2014, the trial court appointed counsel from the Travis County Office of Parental Representation to represent B.B.

In September 2014, B.B.'s court-appointed counsel filed a motion to withdraw as attorney of record and to substitute counsel. In the motion, court-appointed counsel stated that B.B. had hired a private attorney to represent her and that the substitution was not sought for purposes of delay. B.B.'s private attorney agreed and signed the motion. At a hearing on the motion, B.B.'s private attorney, however, stated that he would not be ready for the current trial settings that were in November 2014, and the Department's attorney and the attorney ad litem for the child were not willing to pass those trial settings. At that time, no party had filed a motion for continuance of the trial settings, and the dismissal deadline was in February 2015. *See* Tex. Fam. Code § 263.401 (requiring dismissal after one year if extension not granted and trial on merits not commenced). The attorney ad litem for the child also expressed concerns because communications with B.B.'s private attorney had been "very difficult," "his voice mail has been full" and "he doesn't have an e-mail." At the conclusion of the hearing, the trial court denied the motion to withdraw filed by

2

court-appointed counsel, stating its concern with delay and the current trial settings, but authorizing court-appointed counsel and B.B.'s private attorney to "operate as co-counsel."

Shortly thereafter, B.B.'s court-appointed counsel filed a motion for continuance from the November trial settings and a renewed motion to withdraw and substitute counsel. The renewed motion also was agreed to and signed by B.B.'s private attorney. The trial court granted the motion for continuance after a hearing in October 2014, but there is nothing in the record to show that the renewed motion to withdraw and substitute counsel was presented to or ruled on by the trial court or that B.B.'s private attorney entered an appearance or otherwise participated in the case.

In December 2014, court-appointed counsel filed a motion to withdraw as attorney for B.B., but it was based on a conflict of interest and did not request substitution of counsel. According to the motion, B.B. provided information that implicated another client in a criminal matter, but B.B. had "not consented to the motion." The trial court denied that motion by written order, finding no "legal conflict of interest."

The week-long jury trial occurred in January 2015. On the second day of testimony, B.B.'s court-appointed counsel informed the trial court outside the presence of the jury that B.B. "no longer wishes me to be her attorney." The trial court then asked B.B. if she wished to represent herself, advised B.B. that the case would not be continued, and warned B.B. about proceeding pro se. B.B. complained to the trial court about court-appointed counsel, but the trial court did not release counsel at that time. The following day of trial, outside the presence of the jury, B.B. again asked to represent herself or for her own private attorney to represent her, and court-appointed counsel sought to withdraw as counsel for B.B. Initially, B.B. told the trial court that her private attorney

3

was available "to come on immediately" but, after contacting him, she told the trial court that "[h]e won't be able to represent me at the moment." After further discussion with B.B. and court-appointed counsel about B.B.'s complaints and her unwillingness to follow counsel's advice, the trial court found by written order that there was "good cause" to relieve court-appointed counsel of her duties and that "B.B. is literate, and to the best of the Court's knowledge, has not been declared incompetent by Court Order, and has clearly and unequivocally declared that she wants to represent herself." Based on these findings, the trial court ordered that B.B. would proceed pro se but that appointed counsel would remain as advisory counsel for B.B. and included among counsel's duties "explaining courtroom protocol" and "providing technical assistance" on matters such as civil procedure, evidence, and local rules. The trial court ordered appointed counsel to attend all hearings and the trial and to be prepared to re-assume her role as court-appointed counsel if requested by B.B. or ordered by the court.

B.B. proceeded pro se for the remainder of the trial. She cross-examined the Department's remaining witnesses, called several of her own witnesses, including two friends and a therapist who had known her for several years, and made closing arguments to the jury. The record also reflects that B.B. consulted with court-appointed counsel during the remainder of the trial and that court-appointed counsel provided technical assistance to her, such as subpoenaing witnesses and assisting with exhibits. The case was submitted to the jury, and the jury found that B.B.'s parental

4

rights should be terminated. *See* Tex. Fam. Code § 161.001(1)(D), (E), (2).[3] The trial court entered judgment in accordance with the jury's finding.

After the trial concluded, B.B. requested and was appointed counsel to represent her for purposes of appeal. Court-appointed appellate counsel filed a motion for new trial that was denied after a hearing. This appeal followed.

## ANALYSIS

B.B. raises one issue on appeal, challenging the trial court's rulings as to court-appointed counsel's motions to withdraw and to substitute B.B.'s private attorney. She urges that the trial court erred by refusing to permit the withdrawal of her court-appointed counsel until after the jury trial had commenced, resulting in B.B.'s appearance pro se and depriving B.B. of due process.[4]

---

[3] B.B. does not challenge the sufficiency of the evidence to support the jury's finding to terminate her parental rights. Evidence supporting this finding includes testimony from the Department's witnesses about B.B.'s endangering conduct before and during the pendency of the case and R.B.'s past and current placement with her paternal grandmother. *See* Tex. Fam. Code § 161.001(1)(D),(E), (2). The Department's witnesses included police officers involved in incidents with B.B. that resulted in pending criminal charges; investigators and caseworkers for the Department; B.B.; R.B.'s father and paternal grandmother; therapists and counselors for B.B. and R.B.; and the CASA representative. At the time of trial, R.B. was six years old and was placed with her paternal grandmother, who testified at trial that she hoped to adopt R.B. if B.B.'s parental rights were terminated. B.B. also faced multiple pending criminal charges, including aggravated assault with a deadly weapon and evading arrest. B.B. was charged with aggravated assault with a deadly weapon after she was involved in a confrontation with another person in October 2013, which resulted in B.B. hitting the other person with her vehicle while R.B. was in the vehicle. The evading arrest charge concerned an incident in September 2014. The officer involved in the incident testified at trial that marijuana was also found on B.B.'s person and in her car at that time.

[4] B.B. also urges that the trial court's alleged errors in its rulings are not subject to harmless-error analysis and entitle her to automatic reversal on appeal. Because we conclude that the trial court did not abuse its discretion and that B.B. was not denied due process, we do not reach

5

**Standard of Review**

We review a trial court's decision to grant or deny a motion to withdraw and a motion to substitute counsel for abuse of discretion. *Spinks v. Brown*, 103 S.W.3d 452, 459 (Tex. App.—San Antonio 2002, pet. denied); *see Elder v. Texas Dep't of Family and Protective Servs.*, No. 03-10-00876-CV, 2011 Tex. App. LEXIS 7610, at *8–9 (Tex. App.—Austin Sep. 20, 2011, no pet.) (mem. op.). "Under an abuse of discretion standard, an appellate court may reverse the decision of a trial court only if the trial court's ruling was without reference to any guiding rules or principles." *Brown*, 103 S.W.3d at 459; *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

**Motions to Withdraw and Substitute Counsel**

B.B. urges that the trial court erred when it denied her court-appointed counsel's motions to withdraw as her attorney and to substitute her private attorney prior to commencement of trial. She urges that the trial court erred by not allowing her private attorney to assume her representation because "the parent should enjoy the same Sixth Amendment guarantee as a criminal defendant, 'to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds.'" *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006).

We agree with B.B. that "[r]ights that inure in the parent-child relationship are of constitutional dimensions." *See In re J.C.*, 108 S.W.3d 914, 917 (Tex. App.—Texarkana 2003, no

this argument. *See* Tex. R. App. P. 47.1.

6

pet.) (citing *Stanley v. Illinois*, 405 U.S. 645 (1972); *In re G.M.*, 596 S.W.2d 846, 846 (Tex. 1980)); *see also In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (quoting *Santosky v. Kramer*, 455 U.S. 745, 758 (1982)) ("A parental rights termination proceeding encumbers a value 'far more precious than any property right.'"). Further, the right to representation is among the statutory rights belonging to a parent involved in a termination proceeding. *See* Tex. Fam. Code § 107.013(a) (requiring appointment of attorney for "indigent parent of the child who responds in opposition to the termination"). And "[a] party has the right to be represented by the counsel of its choice." *Brown*, 103 S.W.3d at 459. The right to counsel of choice, however, is not absolute. *Id.*; *see Elder*, 2011 Tex. App. LEXIS 7610, at *11 (recognizing that, even in context of retained counsel, party's right to counsel of choice is not absolute). "The judge's discretion" in denying a motion to withdraw and to substitute counsel is "balanced against the party's right to be represented by the counsel of its choice." *Brown*, 103 S.W.3d at 459.

During the September 2014 hearing in which the trial court considered the motion to withdraw and substitute counsel, B.B.'s private attorney advised the trial court that he would not be ready for the trial settings in November, there was no pending motion for continuance, the Department and the attorney ad litem for the child were not willing to pass the trial settings, the dismissal date in February 2015 was approaching, and the attorney ad litem for the child advised the trial court of problems with communicating with the private attorney. In this context, we cannot conclude that the trial court abused its discretion by not relieving court-appointed counsel as B.B.'s attorney of record and by only allowing B.B.'s private attorney to operate as co-counsel at that time. *See Elder*, 2011 Tex. App. LEXIS 7610, at *10–11 (observing that right to counsel of choice not

7

absolute and concluding that it would not have been unreasonable for trial court to have concluded that request for substitution was in order to delay the proceedings and obtain a dismissal "given that a dismissal date was approaching").

B.B. also urges that, by filing the motion requesting appointment of a privately retained attorney, she gave the trial court notice that she was no longer indigent. A parent, however, is presumed to remain indigent for the duration of a suit and any subsequent appeal unless, after reconsideration on a party's motion, the court determines that the parent is no longer indigent "due to a material and substantial change in the parent's financial circumstances." *See* Tex. Fam. Code § 107.013(e). B.B. does not point to a motion filed by a party to reconsider the trial court's finding that she was indigent or to evidence that would support a finding that she was no longer indigent. To the contrary, shortly after the trial concluded, B.B. requested and was appointed counsel for purposes of appeal. In the order appointing counsel, the trial court found that B.B. was indigent based on an affidavit of indigence.

As to the renewed motion to withdraw and substitute counsel that was filed after the September 2014 hearing, there is no record that the trial court was presented or ruled on this motion. The motion was set for hearing at the same time as B.B.'s motion for continuance, and the trial court granted a continuance in October 2014, but the appellate record does not include a transcript of a hearing in which the trial court addressed the renewed motion to withdraw and substitute counsel or a written order addressing the motion. B.B., therefore, has presented nothing for our review as to this motion. *See* Tex. R. App. P. 33.1(a)(2).

**Motion to Withdraw Based on Conflict of Interest**

B.B. also urges that the trial court erred when it did not grant court-appointed counsel's motion to withdraw based on a conflict of interest. B.B.'s court-appointed counsel filed this motion in December 2014. According to the motion, a conflict of interest existed because B.B. provided information that implicated another client in a criminal matter. The trial court denied the motion in a written order, finding no legal conflict of interest. The appellate record, however, does not include a transcript of a hearing on the motion, the motion does not detail the information that allegedly created a conflict of interest, and the motion states that B.B. had not consented to the withdrawal. *See* Tex. R. Civ. P. 10 (authorizing attorney to withdraw "only upon written motion for good cause shown"); Tex. Fam. Code § 107.016(2)(C) (requiring finding of "good cause" before allowing court-appointed counsel to be relieved of his or her duties or replaced by another attorney while case pending). Further, the case was set for trial in January, with a February dismissal date. On this record, we cannot conclude that B.B. has shown that the trial court abused its discretion when it denied court-appointed counsel's motion to withdraw based on a conflict of interest.

**Appearance Pro Se during Trial**

B.B. also complains about the trial court's release of court-appointed counsel during trial. She urges that she was denied due process because the trial court waited until after trial had commenced before releasing court-appointed counsel, resulting in her appearance pro se during trial.

Because the State has undertaken to grant indigent parents the right to counsel in termination proceedings, "the State must administer that right consistent with the Due Process Clause." *In re A.H.L.*, 214 S.W.3d 45, 51 (Tex. App.—El Paso 2006, pet. denied); *see* Tex. Fam.

9

Code § 107.013(a)(1); *see also In re K.L.*, 91 S.W.3d 1, 6, 13, 14–15 (Tex. App.—Fort Worth 2002, no pet.) (noting that indigent parent's right to appointed counsel in termination proceeding should be administered "consistent with the Due Process Clause of the Fourteenth Amendment" and noting that due process requires "fundamental fairness" and "'meaningful' process"). The issue then is whether B.B.'s statutory right to counsel was administered consistent with due process. Based on our review of the record, we conclude that it was.

After discussions outside the presence of the jury with court-appointed counsel and B.B., the trial court found "good cause" to relieve court-appointed counsel of her duties and allowed B.B. to proceed pro se. *See* Tex. Fam. Code § 107.016(2)(C); *In re E.A.F.*, 424 S.W.3d 742, 748–49 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (noting that finding of "good cause" permits court to relieve attorney ad litem for parent in termination proceeding). As part of the discussions, court-appointed counsel advised the trial court that B.B. no longer wished to be represented by court-appointed counsel, and B.B. complained to the trial court about court-appointed counsel's failure to follow her instructions, she was not willing to follow court-appointed counsel's advice, and she told the trial court that she wished to represent herself or for her private attorney to represent her. In response, the trial court gave B.B. the opportunity to contact her private attorney, but he was not available to represent B.B. at that time.[5]

Both before and after relieving court-appointed counsel of her duties and allowing B.B. to proceed pro se, the trial court took steps to ensure that the proceeding was meaningful and

---

[5] The private attorney also had not entered an appearance or otherwise participated as co-counsel at any time despite being given the opportunity to do so by the trial court at the September 2014 hearing.

fair. The trial court warned B.B. against proceeding pro se before granting her request to do so. *See In re C.L.S.*, 403 S.W.3d 15, 21 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (concluding that trial court should warn parent before permitting parent to proceed pro se and citing required warnings to criminal defendants as described in *Faretta v. California*, 422 U.S. 806, 807 (1975)). Further, as part of its ruling allowing B.B. to proceed pro se, the trial court ordered court-appointed counsel to remain at trial as advisory counsel to provide technical assistance to B.B., which assistance was provided.

On this record, we conclude that B.B. has failed to show that her statutory right to counsel was administered inconsistent with due process. *See In re A.H.L.*, 214 S.W.3d at 51.

**CONCLUSION**

For these reasons, we overrule B.B.'s issue and affirm the final decree.

_____
Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed: May 5, 2015

11