

# NUMBER 13-15-00281-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE INTEREST OF B.S., A MINOR CHILD

---

On appeal from the County Court at Law No. 1
of Calhoun County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Chief Justice Valdez**

Appellant, P.A.S., appeals the termination of her parental rights to her child, B.S. By one issue, appellant contends that the evidence does not support the trial court's termination of her parental rights. We affirm.

### I. APPLICABLE LAW AND STANDARD OF REVIEW

Involuntary termination of parental rights involves fundamental constitutional rights and divests the parent and child of all legal rights, privileges, duties, and powers normally

existing between them, except for the child's right to inherit from the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985); *see In re D.S.P.*, 210 S.W.3d 776, 778 (Tex. App.—Corpus Christi 2006, no pet.). Therefore, termination of the parent-child relationship must be supported by clear and convincing evidence. *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005); *In re D.S.P.*, 210 S.W.3d at 778. This intermediate standard falls between the preponderance of the evidence standard of civil proceedings and the reasonable doubt standard of criminal proceedings. *In re G.M.*, 596 S.W.2d 846, 847 (Tex. 1980); *In re C.S.*, 208 S.W.3d 77, 83 (Tex. App.—Fort Worth 2006 pet. denied); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 57 (Tex. App.—Corpus Christi 2003, no pet.).

In reviewing the legal sufficiency of the evidence supporting parental termination, we must "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.L.*, 163 S.W.3d at 85 (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)); *In re D.S.P.*, 210 S.W.3d at 778. We must assume that the trier of fact resolved disputed facts in favor of its finding if it was reasonable to do so. *In re J.L.*, 163 S.W.3d at 85. We must also disregard all evidence that a reasonable fact-finder could have disbelieved or found to be incredible. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *In re D.S.P.*, 210 S.W.3d at 778. "If [an appellate court] determines that no reasonable fact-finders could form a firm belief or conviction that the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient." *In re J.F.C.*, 96 S.W.3d at 266.

2

In a factual sufficiency review, "[w]e must determine whether, on the entire record, a fact-finder could reasonably form a firm conviction or belief that the parent violated a provision of section 161.001(1) and that the termination of the parent's parental rights would be in the best interest of the child." *In re M.C.T.*, 250 S.W.3d 161, 168 (Tex. App.— Fort Worth 2008, no pet.) (citing *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002)). Under this standard, we consider whether the "disputed evidence is such that a reasonable fact finder could not have resolved the disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a fact finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *In re J.F.C.*, 96 S.W.3d at 266.

## II. STATUTORY GROUNDS FOR TERMINATION

Before terminating the parent-child relationship, the trial court must find that the parent committed one of the acts prohibited by section 161.001(1)(A–T) of the Texas Family Code and that termination is in the child's best interest. TEX. FAM. CODE ANN. §§ 153.002, 161.001(1)(A–-T) (West, Westlaw through 2015 R.S.); *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). In this case, the trial court found by clear and convincing evidence that appellant violated section 161.001 by, among other things: (1) "knowingly place[ing] or knowingly allow[ing] [B.S.] to remain in conditions or surroundings which endanger[ed] his physical or emotional well-being," *see* TEX. FAM. CODE ANN. § 161.001(1)(D); (2) engaging "in conduct or knowingly plac[ing] [B.S.] with persons who engaged in conduct which endanger[ed] the physical or emotional well-being of [B.S.]," *see id.* § 161.001(1)(E); (3) failing to "comply with the provisions of a court order that specifically

3

established the actions necessary for [her] to obtain the return of [B.S. who had] been in the permanent or temporary managing conservatorship of the [Department] for not less than nine months as a result of [B.S.'s] removal from the parents under Chapter 262 for the abuse or neglect of [B.S.]," *see id.* § 161.001(1)(O); and (4) "constructively abandon[ing B.S.] who [had] been in the permanent or temporary managing conservatorship of the [Department] for not less than six months," the Department "made reasonable efforts to return [B.L.S.] to [appellant]," who "ha[d] not regularly visited or maintained significant contact with [B.L.S.]," and who "ha[d] demonstrated an inability to provide [B.L.S.] with a safe environment," *id.* at § 161.001(1)(N).

Appellant challenges all grounds that the trial court found supported termination of her parental rights. However, only one ground under section 161.001 is required for termination. *In re A.J.M.*, 375 S.W.3d 599, 609 (Tex. App.—Fort Worth 2012, no pet.) (op. on reh'g) (en banc) ("Along with a best interest finding, a finding of only one ground alleged under section 161.001(1) is sufficient to support a judgment of termination."). Therefore, if we conclude that the evidence is sufficient under any of the trial court's stated statutory grounds for termination, we need not address the others. *See id.*; *see also* TEX. R. APP. P. 47.1.

Under subsection (O), the Department had the burden to establish that the parent (1) failed to comply with the requirements of a family service plan that specifically established the actions necessary for the parent to obtain the return of the child, (2) the child had been in the permanent or temporary managing conservatorship of the Department for not less than nine months, and (3) the service plan was implemented as a result of the child's removal for abuse or neglect. *See* TEX. FAM. CODE ANN. §

4

161.001(1)(O). Appellant does not challenge any of the above-listed required elements; therefore, we will not address them. Thus, we will address appellant's issue as we understand it.

Instead, appellant argues that termination was improper under section 161.001(1)(O) because "it is apparent that [she was not provided with a] specific time table[] for her to comply with the demands of [the Department]" and "[t]he only specific date for compliance by [the Department] was in the Family Service Plan filed July 14, 2014 with a target goal date of July 15, 2015." Appellant states that "[a]t the time of [the] termination, she, by [the Department's] own records, still had 57 days in which to comply with an Order she was not found to have reviewed or understood and an Order that gave her no deadlines to comply with."

Appellant provides no authority supporting her argument that under section 161.001(1)(O), the Department is precluded "from seeking a termination prior to the 'target date' set for [a]ppellant's compliance" or that the Department was required to provide deadlines for appellant's completion of the goals. *See* TEX. R. APP. P. 38.1(i). Moreover, the Family Service Plan does not contain a "target date set for [a]ppellant's compliance." The July 15, 2015 "target date" is the date that the Department set for its goal of family reunification. This target date does not provide a date for appellant's compliance with her service plan.[1] Finally,

---

[1] We note that many of the tasks appellant was ordered to perform were of an ongoing nature, which would not have had a deadline. For example, appellant was ordered "to follow through with all assigned services, [and] if parent fails to show for services and [is] dismissed from the services providers, parent will be responsible for finding and paying for services on their own." Appellant was ordered to actively participate in and successfully complete parenting classes and to "convey information learned [at parenting classes] to the caseworker and display learned skills during parent/child visits." Evidence was presented that in January 2015, appellant was "unsuccessfully discharged" from parenting classes in the "STSARS program" held in Corpus Christi, Texas. The Family Service Plan also required that appellant attend and participate in counseling and that the counseling sessions "address how to understand decisions

[*u*]*nless the court has commenced the trial on the merits* or granted an extension under Subsection (b) or (b–1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, *the court shall dismiss the suit affecting the parent-child relationship filed by the department* that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

TEX. FAM. CODE ANN. § 263.401 (West, Westlaw through 2015 R.S.). Here, the trial court signed its order appointing the Department as the temporary managing conservator of B.S. on May 29, 2014. The trial court would have been statutorily required to dismiss the Department's suit if it had not commenced a trial on the merits prior to June 1, 2015.[2] Thus, we conclude that appellant's argument that she had fifty-seven more days to comply with the court's order has no merit. Because we have rejected appellant's arguments, we have no basis to reverse the trial court's finding that appellant's parental rights should be terminated pursuant to section 161.001(1)(O). Therefore, we cannot conclude that the evidence was legally or factually insufficient to support the trial court's finding that appellant violated section 161.001(1)(O) of the family code. We overrule appellant's sole issue.[3]

### III. CONCLUSION

---

and activities that have affected [B.S.], how to deal with conflict resolution positively and any other issues that might arise." Appellant was ordered to attend "therapy until therapist conveys that all goals have been met and there are no future concerns within the family for their safety and ability to parent." However, evidence was presented that although appellant claimed that she was obtaining services through the Texas Women's Shelter in Corpus Christi, appellant had not signed the necessary release of her records so that the Department could determine whether the goals had been met. Finally, the service plan required appellant to "contact [her] caseworker weekly and leave a message if no answer." However, there was evidence that appellant had not kept in weekly contact with her caseworker.

[2] The termination trial was held on May 20, 2015.

[3] Because, only one predicate finding under section 161.001(1) is necessary to support a judgment of termination and here there is a finding that termination was in the child's best interest, we need not address appellant's challenges to the other predicate grounds for termination. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Moreover, appellant does not challenge the trial court's finding that termination was in B.S.'s best interest.

6

We affirm the trial court's judgment.

/s/ Rogelio Valdez
ROGELIO VALDEZ
CHIEF JUSTICE

Delivered and filed the
12th day of November, 2015.