**Order filed February 6, 2018.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-17-00809-CV
_____

## In the Interest of M.H. and A.H

---

### On Appeal from the 506th District Court
### Grimes County, Texas
### Trial Court Cause No. 33831

---

### ORDER

This is an accelerated appeal from a judgment in a parental termination appeal. Appellants' brief was originally due **November 20, 2017.** This court granted extensions of time through December 20, 2017. In granting the last extension, this court indicated the failure to file a brief by that time may result in a hearing before the trial court. On December 21, 2017, appellants requested an additional extension of time.

On that same date, this court denied the request and issued an order for a hearing before the trial court to determine (1) the reason for the failure to file a brief; (2) whether appellants desire to continue this appeal; and (3) if appellants desire to continue the appeal, a date certain when appellants' brief will be filed.

The trial court was also asked to appoint new appellate counsel if necessary. The trial court's findings of fact and conclusions of law were filed with this court January 8, 2018. The trial court found that appellants desired to continue their appeal, appointment of new appellate counsel was not necessary, and that appellants' brief would be filed no later than **February 5, 2018.** No brief has been filed. Appellants have requested an additional extension of time to file a brief. In their extension appellants indicate they are involved in settlement negotiations and anticipate requesting this case be remanded for entry of judgment in accordance with the agreement no later than February 12, 2018.

Appeals in parental termination cases and child protection cases are to be brought to final disposition within 180 days of the date the notice of appeal is filed, which in this case is **March 14, 2018**. *See* Tex. R. Jud. Admin. 6.2(a) (effective May 1, 2012). This accelerated schedule requires greater compliance with briefing deadlines.

Rule 38.8 addresses actions the appellate court may take when an appellant fails to timely file a brief in a civil case. *See* Tex. R. App. P. 38.8(a). We already have requested a hearing before the trial court in this case and received appropriate findings and conclusions. We can find nothing in the rules or case law requiring this court to send the matter to the trial court for another hearing and we decline to do so.

The involuntary termination of parental rights is a serious matter implicating fundamental constitutional rights. *See In re G.M.*, 596 S.W.2d 846, 846 (Tex. 1980); *In re S.R.*, 452 S.W.3d 351, 357 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Accordingly, we decline to dismiss this appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1). We further deny the requested extension and issue the following order.

We order appellants' appointed counsel, **Michael Casaretto**, to file appellants' brief or a motion to vacate the trial court's judgment and remand the case for rendition of the settlement agreement no later than **February 12, 2018**. *See* Tex. R. App. P. 42.1(a)(2). If the brief is not filed by that date, we will decide this appeal based on the record before this court. *See* Tex. R. App. P. 38.8(a)(2). The appellee may file a brief in this case, regardless of whether an appellants' brief is filed. Appellee's brief shall be due no later than **March 5, 2018.** *See* Tex. R. App. P. 38.8(a)(3).

**The court will not delay submission of the appeal or issuance of the opinion awaiting appellants' or appellee's brief.**

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Jamison.